907 F.2d 1141
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Julio RODRIGUEZ, a/k/a Julio Rivera, Defendant-Appellant.
 No. 88-5601.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 22, 1990.
Decided June 15, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury. Frank W. Bullock, Jr., District Judge. (CR 87-252-S)
 Fred Warren Bennett, Federal Public Defender, Stephen J. Cribari, Deputy Federal Defender, Baltimore, Md., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Julio Rodriguez was convicted of conspiracy to distribute cocaine, two counts of possession of cocaine with intent to distribute, and two travel act violations. On appeal, Rodriguez's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion the appeal was without merit. The only issue raised in the brief was whether it was plain error to impanel a petit jury which had no members of Rodriguez's ethnic minority.* This issue was raised at Rodriguez's request. Rodriguez was given a copy of the brief and an opportunity to submit any other issues which he wanted the Court to address on appeal, but he failed to respond.
 
 
 2
 This Court recently held that "the Constitution does not require that the juror selection process be a statistical mirror of the community" so long as the panel is a fair cross section selected without active discrimination. United States v. Cecil, 836 F.2d 1431, 1445 (4th Cir.), cert. denied, 56 U.S.L.W. 3864 (U.S. June 20, 1988) (No. 87-1599). Further, the Supreme Court recently held that the fair cross-section requirement which applies to the venire does not apply to the petit jury. Holland v. Illinois, 58 U.S.L.W. 4162 (U.S. Jan. 22, 1990) (No. 88-5050). Therefore, the Court held, the rule of Batson v. Kentucky, 476 U.S. 79 (1986), regarding preemptory challenges does not apply to sixth amendment claims such as the one presented by Rodriguez. There is no evidence that the panel was selected unfairly or with a view towards discrimination in this case. Therefore, this claim is without merit.
 
 
 3
 In accordance with Anders, we have independently reviewed the record and all pertinent papers. We have found no nonfrivolous grounds for appeal and accordingly affirm the judgment below.
 
 
 4
 In the case of an unsuccessful appellant represented by appointed counsel, the responsibilities of the attorney are set forth in the plan adopted by this Court in implementation of the Criminal Justice Act of 1964. See 18 U.S.C. Sec. 3006A. These responsibilities include informing his client in writing of his right to petition the Supreme Court for a writ of certiorari. If requested by his client to do so, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of his client. Therefore, counsel's request to withdraw from further representation is denied.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The plain error standard of Fed.R.Crim.P. 52(b) applies because Rodriguez did not object to the composition of the panel during jury selection